IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COMPLAINT OF:

CAMPBELL TRANSPORTATION COMPANY, INC.   Civil Action No. 5:12CV68
and C&C MARINE MAINTENANCE COMPANY,                     (STAMP)

For Exoneration of Limitation Liability

### MEMORANDUM OPINION AND ORDER
### DENYING WITHOUT PREJUDICE
### CLAIMANTS' MOTION TO STAY THIS ACTION AND
### LIFT INJUNCTION AGAINST STATE COURT PROCEEDING

I.  Background

This action arises from a suit initiated by the claimants, Harry White, Jr. ("White") and Roxanne Y. Murphy ("Murphy"), in the Circuit Court of Hancock County, West Virginia.  The claimants allege in their state court proceeding that the plaintiffs, Campbell Transportation Company, Inc ("Campbell") and C&C Marine Maintenance Company ("C&C"), are the owners of a towboat, the Motor Vessel Georgetown ("M/V Georgetown").  The claimants assert that while White was employed as a deckhand on the M/V Georgetown, a line being used to assist in the slowing and flattening of the towboat against a lock wall, while entering a lock chamber in the Montgomery Locks and Dam, wrapped around White's lower leg.  As a result of this incident, the claimants state that White suffered "crushing and/or traumatic amputation of his right foot, ankle, and/or lower leg."  ECF No. 4 *3.  Claimant White asserts a claim under the Jones Act for negligence on the part of the plaintiffs and he asserts two claims under general maritime law, one for

unseaworthiness and the second for maintenance and cure.  Further, claimant Murphy also asserts a claim for loss of consortium, society, and household services.

In response to the state court suit, the plaintiffs filed their complaint in this Court pursuant to the Vessel Owners' Limitation of Liability Act, 46 U.S.C. § 30501, <u>et seq.</u> ("the Act"), for exoneration or limitation of liability.  The plaintiffs seek, through their complaint, to be exonerated from liability and if not so exonerated, for this Court to limit the plaintiffs' liability to the value of the M/V Georgetown and the freight then pending after the alleged incident.  The plaintiffs asserted that the approximate value of the M/V Georgetown was $1,420,000.00. Further, the plaintiffs sought to have this Court issue an injunction enjoining the commencement or further prosecution of any other prosecution resulting from claimant White's accident.  This Court then entered an order in which, among other things, it enjoined and restrained any proceedings related to claimant White's accident pending the hearing and determination of this proceeding.

Thereafter, the claimants filed an answer to the plaintiffs' complaint and the claimants' claim with this Court.  The claimants then also filed a motion to stay the proceedings in this Court and lift the injunction against the prosecution of their state court action.  The claimants included with their motion, a proposed order granting the stay and lifting the injunction, which also included

2

specific proposed findings.  In the claimants' motion, they argued that this Court should grant their motion because: (1) based on the Supreme Court's holdings, claimants like White and Murphy are entitled to proceed with their state court actions against the vessel owner upon filing stipulations protective of the vessel owner's rights under the Act; (2) the claimants need not now stipulate to plaintiffs' assessment of the value of the limitation fund, as this Court can address that issue later, if necessary; (3) the claimants are not required to stipulate to plaintiffs' claimed right to have exoneration issues addressed by this Court, in addition to limitation issues; and (4) the plaintiffs are not entitled to an injunction as to claimant White's maintenance and cure claim because the claim is outside the scope of the Limitation of Liability Act.  The claimants then filed stipulations in support of their motion.

The claimants stipulations are as follows:

1.   Claimants   stipulate   and   agree   that   Campbell Transportation Company, Inc. ("CTC") and C&C Marine Maintenance Company ("C&C"), collectively "Plaintiffs," are   entitled   to   litigate   all   issues   relating   to limitation of liability pursuant to the provisions of 46 U.S.C. § 30501, et seq. in this Court, save and except for all issues concerning White's claim against CTC and C&C   for   maintenance   and   cure,   because   Plaintiffs' maintenance and cure obligation to White is a "personal contract" of which they are deemed to have privity and knowledge   and   thus   this   contract   and   the   claim   which attends it are not subject to the protections of the Act.

2.   Claimants waive any claim of res judicata relevant to the issue of limitation of liability pursuant to the provisions of 46 U.S.C. § 30501, et seq. based on any

3

jury or non-jury trial decision or judgment they may obtain in state court, except for any such claim based on White's above-described maintenance and cure claim.

3.   To clarify the above two stipulations, should Claimants obtain a judgment against either or both Plaintiffs in state court in their favor on their Jones Act negligence, general maritime law unseaworthiness, and/or general maritime law loss of consortium, society, and household services claims, Claimants stipulate and agree that this Court, after lifting its stay of this federal action, shall then proceed to determine <u>only</u> (a) whether Plaintiffs had "privity to or knowledge of" (as these terms have been defined in applicable case law construing the Act, 46 U.S.C. § 30501, <u>et seq.</u>) the acts, events, conditions, omissions, etc. upon which their liability was based in the state court action and, if so, (b) the value of Plaintiffs' interest in the M/V Georgetown, and its pending freight, if any (and any such other vessels and any such vessels' pending freight which this Court may later find pursuant to the provisions of Rule F(7) should be included in the limitation fund), as specified under the Act. In other words, nothing contained in these stipulations should be read or construed as an agreement or stipulation by Claimants to allow this federal court to revisit the liability or damage findings made in the state court action which are separate and apart from the discrete findings (specified in (a) and (b), above) which this Court must make as to limitation of liability under the Act. Accordingly, because they are not required to under applicable law, Claimants do <u>not</u> stipulate or agree to Plaintiffs' alleged right (as pled in their Complaint) to have this Court determine issues related to <u>exoneration</u> from liability, as such would amount to a disregarding of the liability findings made in the state court action -- something Claimants do <u>not agree</u> to.

4.   While not stipulating or agreeing that the value of the limitation fund in this action is, as alleged by Plaintiffs, not in excess of $1,420,000.00 (one million four hundred twenty thousand dollars and no cents), and specifically reserving their right to file at a later time a motion under Rule F(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions seeking an appraisement of the value of Plaintiffs' interest, if any, in the M/V Georgetown and its pending freight, together with the value of and

pending freight on any other vessels which this Court may find, under the Flotilla Doctrine, should be included in the limitation fund, Claimants stipulate and agree that in the event there is a judgment or recovery on any jury or non-jury trial decision or judgment in state court in excess of $1,420,000.00 against Plaintiffs, and to the extent such state court decision or judgment is not based on White's above-described maintenance and cure claim, Claimants will not seek to enforce such excess judgment or recovery to the extent same may expose Plaintiffs to liability in excess of the sum of $1,420,000.00 until adjudication of Plaintiffs' Complaint for limitation of liability in this Court.

5.   Claimants stipulate and agree that this Court has the exclusive right under the Act to determine the proper value of the limitation fund under the procedures outlined in Rule F(7).

6.   Claimants stipulate and agree that White's claims for damages will have irrevocable priority over Murphy's claims for damages.

ECF No. 13 (emphasis in original).

The plaintiffs responded in opposition to the claimants' motion and stipulations.  Specifically, the plaintiffs argued: (1) neither the Supreme Court nor the United States Court of Appeals for the Fourth Circuit has permitted multiple claimants to proceed with state court claims when the limitation fund is alleged to be inadequate; (2) this Court is not required to lift the injunction because such action is merely within the Court's discretion; (3) the claimants cannot be permitted to proceed in state court unless they stipulate to limit their recovery to the value of the vessel and its attending freight; and (4) the claimants' stipulations fail to adequately protect the plaintiffs' right to seek limitation of liability.   Specifically,   the   plaintiffs   argue   that   the

5

stipulations fail to adequately protect the plaintiffs' right to seek limitation of liability by arguing: (1) the claimants' clarification regarding the revisiting of liability or damage findings of the state court, impermissibly restricts this Court's exclusive jurisdiction to determine all limitation of liability issues; (2) the claimants' clarification is especially inappropriate as to claimant Murphy's claim for loss of consortium as such a claim is legally insufficient; (3) the claimants' proposed order is overbroad and premature with respect to claimant White's maintenance and cure claim; and (4) the claimants should be required to stipulate to this Court's continuing jurisdiction. The claimants then filed a reply contesting the plaintiffs' arguments.

For the reasons set forth below, this Court denies without prejudice the claimants' motion to stay proceedings and lift the injunction against the prosecution of the claimants' state court suit. The claimants may refile such motion with amended stipulations in accordance with this opinion for reconsideration by this Court.

## II.  Discussion

Under Article III, § 2 of the United States Constitution, the federal courts are vested with jurisdiction over all admiralty and maritime jurisdiction cases. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 443 (2001). This grant of jurisdiction is now codified in 28 U.S.C. § 1333, with a limitation "so as to save

seamen their remedies." <u>Norfolk Dredging Co. v. Wiley</u>, 439 F.3d 205, 208 (4th Cir. 2006).  The statute specifically states:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) any civil case of admiralty or maritime jurisdiction, <u>saving to suitors in all cases all other remedies to which they are otherwise entitled</u>.

28 U.S.C. § 1331 (emphasis added).  This "saving to suitors" clause "preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." <u>Lewis</u>, 531 U.S. at 445.

The saving to suitors clause, however, as recognized by the Supreme Court, may come in conflict with the Limitation Act sometimes.  The Limitation Act is a provision of admiralty and maritime law that "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." <u>Id.</u> at 446; <u>see</u> 46 U.S.C. § 30505.  Supplemental Admiralty and Maritime Claims Rule F sets forth the procedure for a limitation of liability action.  The Supreme Court briefly explained the procedure as follows:

> The district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims.  The court determines whether the vessel owner is liable and whether the owner may limit liability.  The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.

<u>Id.</u> at 448.

7

The tension between the saving to suitors clause and the Limitation of Liability Act results because "[o]ne statute gives suitors the right to a choice of remedies, and the other statute gives the owners the right to seek limitation of liability in federal court." Id. The Supreme Court addressed this issue in Lewis. In Lewis, the claimant sued the vessel owner in state court for negligence under the Jones Act,[1] unseaworthiness of the ship, and maintenance and cure. The vessel owner then filed a complaint in federal court to limit the vessel owner's liability. After the claimant provided certain stipulations to protect the plaintiff's limitation rights, the district court dissolved the injunction placed on the claimant's state court action. In regards to the district court's decision, the Supreme Court stated that "case law makes clear that state courts, with all their remedies, may adjudicate claims like petitioner's against vessel owners so long as the vessel owner's right to seek limitation of liability is protected." Id. at 455. The Supreme Court further found that, because the stipulations offered had adequately protected the vessel owner's limitation of liability rights, it was "well within"

---

[1] "A Jones Act claim is an in personam action for a seaman who suffers injury in the course of employment due to negligence of his employer, the vessel owner, or crew members." Lewis, 531 U.S. at 441; see 46 U.S.C. § 30104.

8

its discretion to lift the injunction against the state court proceedings.[2] Id. at 454.

A.   Multiple claimants and an inadequate fund

The plaintiffs first argue that neither the Supreme Court nor the Fourth Circuit has ever permitted multiple claimants to proceed with state court claims when the limitation fund is alleged to be inadequate.  The plaintiffs indicate that they are aware that some Courts of Appeals have permitted multiple claimants to pursue their claims in state court despite an allegedly inadequate limitation fund, but they state that the Supreme Court's failure to discuss such situation as a valid exception is "conspicuous."

The claimants respond by stating that the Supreme Court has acknowledged the procedure of allowing multiple claimants to proceed in state court when the limitation fund is alleged to be inadequate when the Supreme Court in Lewis stated:

> If the district court concludes that the vessel owner's right to limitation will not be adequately protected -- where for example a group of claimants cannot agree on appropriate stipulations or there is uncertainty concerning the adequacy of the fund or the number of the claims -- the court may proceed to adjudicate the merits, deciding issues of liability and limitation.

---

[2]This Court recognizes the plaintiffs' argument regarding the assertion that it is not mandatory that this Court lift the injunction against the state court proceedings, but instead it is within the Court's discretion to do so.  However, as this argument by the plaintiffs appears to simply seek to make this distinction for the Court, the same will not be addressed outside of a recognition that any decision to lift the state court injunction is, in fact, discretionary on the part of this Court. See Lewis, 531 U.S. at 449.

9

Lewis, 531 U.S. at 454. The claimants further cite various courts of appeals cases, wherein the courts have indicated that multiple claimants can by the use of a priority stipulation effectively reduce their claims to a single claim. The claimants state that these courts have found that after such priority stipulation is provided, the district court is then entitled to lift its injunction on the state court action.

The Supreme Court stated in Lewis that "the Courts of Appeals have generally permitted claimants to proceed with their claims in state court [when the Limitation of Liability Act may apply] where there is only a single claimant . . . or where the total claims do not exceed the value of the limitations fund." 531 U.S. at 438. However, the Seventh Circuit found that the statement cited above by the claimants concerning a situation where a group of claimants could not agree on appropriate stipulations "supports by negative implication allowing [multiple] claimants to proceed in state court so long as the vessel owner's right to limitation of liability is adequately protected through appropriate stipulations." In re Illinois Marine Towing, Inc., 498 F.3d 645, 651 (7th Cir. 2007).

In In re Illinois Marine Towing, Inc., the Seventh Circuit found that "proper stipulations can transform multiple claims into a single claim for purposes of determining liability in state court." Id. at 652. The multiple claimants in that case filed stipulations that included a stipulation that the claimants would

10

only seek their respective pro rata share of any judgment obtained in the state court from the plaintiffs.  The Seventh Circuit found that such a stipulation accomplishes the same thing as prioritization and found that the stipulation adequately protected the plaintiffs' right to seek limitation of liability in federal court.  Id. at 652-656.

Other circuits have also approved such stipulations and lifted the injunctions against claimants' state court actions.  Texaco, Inc. v. Williams, 47 F.3d 765, 767-768 (5th Cir. 1995) (recognizing that "[m]ultiple claimants may reduce their claims to the equivalent of a single claim by stipulating to the priority in which their claims will be paid from the limitation fund); Beiswenger Enters. Corp. v. Carleeta, 86 F.3d 1032 (11th Cir. 1996) (finding that multiple claimants may invoke the single claimant exception when the stipulations create the functional equivalent of a single claim situation.); Complaint of Dammers & Vanderhide & Scheepvaart Maats Christina B.V., 836 F.2d 750, 756 (2d Cir. 1988) (finding that a priority stipulation granting a claimant's personal injury claim irrevocable priority over another claimant's loss of consortium claim sufficient to allow the claimants to proceed with their common law actions in other forums); S & E Shipping Corp. v. Chesapeake & O. Ry. Co., 678 F.2d 636, 644 (6th Cir. 1982) (finding that the wife's loss of consortium claim did not present a separate claim because she stipulated that her husband's claims took

11

priority over hers).  Further, district courts within the Fourth Circuit have allowed multiple claimants who submit priority stipulations to proceed in a forum other than federal district court.  In re Ingram Barge Co., 419 F. Supp. 2d 885, 888-891 (S.D. W. Va. 2006); Complaint of Mohawk Associates and Furlough, Inc., 897 F. Supp. 906, 911-912 (D. Md. 1995).

Although neither the Supreme Court nor the Fourth Circuit has directly addressed this particular issue, this Court follows the decisions of the other circuit courts as well as the other district courts within the Fourth Circuit in finding that a multiple claimant case may be effectively transformed into a single claimant case through the proper stipulations.  Here, the claimants specifically stipulate that "White's claims for damages will have irrevocable priority over Murphy's claims for damages."  ECF No. 13.  This Court finds, like other courts found above, that such a priority stipulation effectively transforms this case into the functional equivalent of a single claimant case.  It protects the vessel owner, while also allowing the claimants to pursue their state court action.

B.  <u>Stipulation limiting recovery of claimants' claims to the value of the vessel and its attending freight</u>

The plaintiffs' third argument is that this Court cannot permit the claimants to proceed in state court unless they agree to limit their recovery to the value of the vessel and its attending

12

freight.  The plaintiffs state that "the Supreme Court has only permitted a claimant to pursue his claims in state court when the claimant has stipulated, not just that limitation issues will be tried in the district court, but that the claimant will not contest the right to limitation."  ECF No. 14 *6 (emphasis in original).  They argue that by the refusal of the claimants to limit their claims to the value of the vessel and its attending freight, and by challenging the plaintiffs' right to limit their liability, the claimants' claims diverge from those claims found in Lewis, Ex parte Green, 286 U.S. 437 (1932), and Lake Tankers Corp. V. Henn, 354 U.S. 147 (1957).  Therefore, the plaintiffs argue that the claimants should not be permitted to pursue their claims in state court.  The plaintiffs recognize that the Fourth Circuit and other lower courts have permitted claimants to pursue their claims in state court upon stipulating that the district court will have exclusive jurisdiction to determine all issues relating to the vessel owner's right to limitation of liability.  However, the plaintiffs argue that because the Supreme Court has not approved this procedure, and because it differs from the procedure outlined in Ex parte Green, it is invalid.  Further, the plaintiffs also seem to argue that the claimants must also "concede the sufficiency in the amount of the stipulation[,]" which is currently $1,420,000.00, before proceeding as well.  ECF No. 14 *6.

13

The claimants respond by stating that they are not required to stipulate now to limit their recovery to the value of the plaintiffs' vessel and pending freight before they may continue their state court action. First, the claimants argue that the plaintiffs misinterpret Ex parte Green. The claimants state that the Supreme Court in Ex parte Green only held that if the claimant attempted to obtain judicial findings on issues that are exclusively within the purview of the federal court during his state court proceedings, then the federal court can intervene and enjoin the state court action. The claimants next argue that the plaintiffs misinterpret Lake Tankers Corp. as well, because nowhere in that case does the Supreme Court require a stipulation to both the value of the claimants' claims and the value of the limitation fund. Instead, the claimants state that such stipulations were voluntary. The claimants argue that they are not required to stipulate to the right of the plaintiffs to limitation in order to proceed with their state court action, as all that is required by Supreme Court and Fourth Circuit precedent is that a claimant recognize a plaintiff's right to litigate the limitation issue in federal court. Finally, the claimants argue that they are also not required to stipulate to the value of the limitation fund based on case law from the Fourth Circuit and many other circuits.

According to the Supreme Court in Ex parte Green, a "state court has no jurisdiction to determine the question of the owner's

right to limited liability, and that, if the value of the vessel be not accepted as to the limit of the owner's liability, the federal court is authorized to resume jurisdiction and dispose of the whole case." 286 U.S. at 440-441. The Supreme Court never stated in Ex parte Green or any other case that a claimant must enter a stipulation in the district court wherein the claimant agrees to limit his claim to the value of the vessel and its attending freight in order to litigate his claim in state court. Rather, the Court stated that the claimant may not litigate the issue of limitation in state court, and if the claimant chose to, the district court may resume jurisdiction at that point. Id. at 440. Also, as the claimants indicated, the Supreme Court in Lake Tankers Corp. and Lewis did not state specifically that a stipulation by the claimant limiting his claim to the value of the vessel and attending freight was required, but it only noted that the claimant did make such a stipulation in those cases. See Lake Tankers Corp., 354 U.S. at 149; and Lewis, 531 U.S. at 442. Simply because the claimants in those cases voluntarily chose to make such stipulations, does not stand for the proposition that such a stipulation is mandatory.

Further, as the plaintiffs indicate, the Fourth Circuit in Norfolk Dredging Co. expressly found that a claimant's stipulations which simply agreed that "claimant will not seek to enforce any judgment received from a jury in excess of the Limitation Fund

until the vessel owner's <u>right to limitation</u> has been determined in admiralty," <u>Norfolk Dredging Co. v. Wiley</u>, 357 F. Supp. 2d 944, 950 (E. D. Va. 2005)(emphasis added), but which did not agree to limit the claimant's damages to the value of the relevant vessel, were adequate to allow the claimant to return to state court. <u>Norfolk Dredging Co.</u>, 439 F.3d at 207-11. <u>Norfolk Dredging Co.</u>, which is binding precedent upon this Court, allowed the claimant to proceed in state court upon stipulating "that the district court had exclusive jurisdiction to decide all Limitation of Liability issues[.]" 439 F.3d at 207-11. This Court does not agree with the plaintiffs' contention that this procedure differs from the procedure allowed in <u>Ex parte Green</u>. As this Court reads it, <u>Ex parte Green</u> did not require a stipulation that the claimant limit his damages to the value of the vessel and its attending freight. Further, the Fourth Circuit directly cites to <u>Ex parte Green</u> in the <u>Norfolk Dredging Co.</u> opinion. As such, this Court must assume that the Fourth Circuit was aware of the opinion and considered it, finding that its decision was in line with Supreme Court precedent. Therefore, based on binding precedent, this Court finds that the claimant is not required to agree to limit his damages to the value of the vessel and its attending freight in order to proceed in state court.

As to the issue of whether the claimants must stipulate to the precise amount of the limitation or rather the precise amount of

16

the plaintiffs' interest in the vessel and freight, the Fourth Circuit stated in <u>Norfolk Dredging Co.</u> that postponing the determination of the precise amount of the limitation is "consistent with the broad power of the district court to manage its cases and to reserve the determination of any important, yet potentially irrelevant, issue until later in the proceedings." <u>Id.</u> Other circuit courts of appeal have also held that it is unnecessary to stipulate to the precise value of the limitation prior to the injunction being lifted against a claimant's state court action. <u>Two "R" Drilling Co. v. Rogers</u>, 943 F.2d 576, 578 (5th Cir. 1991); <u>Anderson v. Nadon</u>, 360 F.2d 53, 58 n.8 (9th Cir. 1966). Accordingly, this Court finds that the claimants, like those in the above cited cases, are not required to stipulate to the precise value of the limitation. Therefore, this Court agrees with the plaintiffs insomuch as it does not find that the plaintiffs must stipulate to either the value of the limitation nor the plaintiffs' right to limitation before the injunction is lifted.

C.  <u>Clarification of Stipulation No. 3 limiting claimants' waiver of their res judicata rights</u>

The plaintiffs next take issue with the claimants' Stipulation No. 3. In this stipulation, the claimants attempt to clarify Stipulation Nos. 1 and 2. Specifically, the plaintiffs take issue with the part of the stipulations that limits the issues that this

17

Court may take up after the state court proceeding is completed. This part reads:

> [T]his Court . . . shall then proceed to determine only (a) whether Plaintiffs had 'privity to or knowledge of' . . . the acts, events, conditions, omissions, etc. upon which their liability was based in the state court action and, if so, (b) the value of the Plaintiffs' interest in the M/V Georgetown, and its pending freight if any (and any such other vessels and any such vessels' pending freight which this Court may later find pursuant to the provisions of Rule F(7) should be included in the limitation fund) as specified under the Act.

ECF No. 13 *2. The plaintiffs argue that this clarification added to the stipulations makes it so the claimants' stipulations in total do not adequately protect the plaintiffs' rights. Further, they state that the clarification also deprives this Court of exclusive jurisdiction to determine all issues relating to limitation of liability.

The claimants argue in opposition that their clarification in the stipulation is informed by case law and is proper, understandable, and prudent. The claimants state that through this clarification they are trying to avoid the situation that befell the claimant in Complaint of Consolidation Coal Co., 123 F.3d 126 (3d Cir. 1997). Further, the claimants argue that their stipulations comply with the applicable law in the Fourth Circuit, as they substantially mirror those approved in Norfolk Dredging Co.

In Complaint of Consolidation Coal Co., the Third Circuit addressed a situation where the district court had insisted that the claimant waive the res judicata effect as to both exoneration

18

and limitation of liability prior to dissolving the injunction against the state court proceeding.  123 F.3d at 133.  The Third Circuit stated that because the claimant agreed to enter into such a stipulation and did not object nor appeal the requirement, the claimant was bound by the stipulation as he did not preserve the issue for appeal.  Id.  As to whether it was necessary for a party to waive the res judicata effect as to the exoneration issue, the Third Circuit stated that while it was not deciding this issue, it had "serious doubts that the claimant must do so."  Id.

While it may not be necessary for a party to waive the res judicata effect of a state court's findings as to exoneration, it is clear based on Supreme Court case law that the district court must find that the "vessel owner's right to seek limitation of liability is protected" prior to lifting the injunction on the state court proceeding."  Lewis, 531 U.S. at 455.  The Fourth Circuit, in Norfolk Dredging Co., found that stipulations concerning the waiver of the claimant's res judicata rights concerning the limitation of liability, along with other stipulations concerning the value of the fund, and the retention of jurisdiction, were sufficient to protect such rights.  439 F.3d at 211; see Lewis, 531 U.S. at 451-452 (finding that similar stipulations, including a claimant's waiver of res judicata rights with respect to limitation of liability, adequately protected the plaintiff's right to seek limitation of liability).  Although the

19

claimants argue that their stipulations mirror those in <u>Norfolk Dredging Co.</u>, this Court is unaware of any case, including <u>Norfolk Dredging Co.</u>, where a court found that a stipulation concerning the waiver of a claimant's res judicata rights that also included a clarification limiting such rights, adequately protected a plaintiff's right to seek limitation of liability.  As this Court is uncertain whether the claimants' stipulation that clarifies or limits the plaintiffs' rights will adequately protect the plaintiffs' limitation rights, it finds that the clarification is improper.  Therefore, this Court must deny the claimants' motion to stay this action and lift the injunction against their state court proceedings due to this possible inadequacy.[3]

Moreover, this Court notes that the claimants' concerns regarding the waiver of their res judicata rights concerning exoneration are unfounded.  In <u>Complaint of Consolidation Coal Co.</u>, the Third Circuit found that the claimant had waived his res judicata rights concerning exoneration after the claimant actually entered into a stipulation that specifically waived such rights.

_____

[3]In addition to the plaintiffs arguing that Stipulation No. 3 was generally inappropriate, they also argue that Stipulation No. 3 is particularly inappropriate because claimant Murphy's claim for loss of consortium is legally insufficient and the clarification would prohibit this Court from determining whether such a claim may be asserted.  As this Court has now determined that the clarification limiting the waiver of the claimants' res judicata rights as to limitation of liability is inappropriate and a complete waiver without such clarification is required, this Court need not address the plaintiffs' particular concerns regarding the loss of consortium claim at this time.

123 F.3d at 133.  This Court is not requiring that the claimants provide a stipulation waiving their res judicata rights with respect to exoneration.  Rather, this Court is only requiring that the plaintiffs' rights to seek limitation to liability are protected by the complete waiver of the claimants' res judicata rights concerning limitation of liability.

D.   <u>Maintenance and cure claim</u>

The plaintiffs' next argument in opposition to the claimants' motion to stay and lift the injunction against their state court proceedings, is that the claimants' proposed order is overbroad and premature with respect to White's maintenance and cure claims. Specifically, the plaintiffs take issue with the following part of the claimants' proposed order:

> Since Claimant White's maintenance and cure claim against Plaintiffs is based on a personal contract that is deemed to be within Plaintiffs' privity and knowledge and thus outside the purview of the Act, Claimants need not return to this Court for any proceedings, including judgment collection, in furtherance of that claim, as such claim is outside the protections of the Act.

ECF No. 11 Ex. 1 *3.  The plaintiffs assert that this issue has never been addressed by the Fourth Circuit.  Further, the plaintiffs state that even if the maintenance and cure claim falls outside of the protections of the Limitation Act, this Court must be permitted to determine what portion, if any, of the potential jury award against the plaintiffs "probably included amounts which are the substantial equivalent of cure."  <u>Brister v. A.W.I. Inc.</u>,

946 F.2d 350, 361 (5th Cir. 1991). Otherwise, the plaintiffs state that they would be exposed to the risk of paying twice for the same element of damages.

In response, the claimants assert that maintenance and cure is a personal contract of the vessel owner that the vessel owner has privity and knowledge of. Therefore, the claimants argue that the plaintiffs are not entitled to any protections under the Limitations Act with regard to such claim. Further, as to the plaintiffs' argument concerning the issue of this Court determining what portion of the jury award included amounts that are substantial equivalent of cure, the claimants argue that such an issue can be resolved by using detailed jury verdict forms. Specifically, the claimants state that the parties can ensure there is no overlap by agreeing to submit to the jury a verdict form that breaks the damages into categories. The claimants state that this will enable this Court to afford the plaintiffs a credit for any sums they have already paid out for the maintenance in cure claim.

First, this Court notes that rather than adopting the proposed order, which the claimants submitted along with their motion to stay and lift the injunction, this Court instead is making its findings by way of this memorandum opinion and order. Therefore, it is unnecessary to address the plaintiffs' specific objection to the claimants' proposed order. The claimants' stipulations, Nos. 1, 2, 3, and 4, however, do discuss the maintenance and cure claim

22

and its relationship to the litigation of the plaintiffs'
limitation rights. In these stipulations, the claimants relinquish
certain rights such as their res judicata rights relevant to the
issue of limitation of liability, and their right to enforce any
state court judgment in excess of $1,420,000.00.[4]   ECF No. 13.
However, the claimants do not relinquish such rights insomuch as
they pertain to claimant White's maintenance and cure claim. ECF
No. 13. Therefore, because claimants limit their stipulations in
such a way, this Court will address plaintiffs' concerns as to
whether any amount awarded for the maintenance and cure claim falls
outside of the protections of the Limitations Act.

According to the Fourth Circuit, maintenance and cure "does
not rest upon negligence." Evans v. Blidberg Rothchild Co., 382
F.2d 637, 639 (4th Cir. 1967); see Aquilar v. Standard Oil Co. of
N.J., 318 U.S. 724, 730 (1943) (stating that maintenance and cure
is not predicated on the fault or negligence of the shipowner).
Instead, it is "a contractual form of compensation given by general
maritime law to a seaman who falls ill while in the service of his
vessel." Id. The First and Fifth Circuits have both found that
maintenance and cure claims are "exempt from the limitation of
liability rules in admiralty." In re RJF Intern. Corp. for
Exoneration from or Limitation of Liability, 354 F.3d 104, 107 (1st

---

[4]This is the plaintiffs' asserted value of the M/V Georgetown
as indicated in the verification of value attached to the
plaintiffs' complaint in this action. ECF No. 4 Ex. 1.

Cir. 2004) (citing <u>Brister</u>, 946 F.2d at 361).  This Court, however, is unaware of a case from the Supreme Court or the Fourth Circuit addressing this issue.

This Court does not feel that it is appropriate at this time, without any binding precedent, to determine whether claimant White's maintenance and cure claim is in fact exempt from the limitation of liability rules in admiralty.  Making a finding now, that such claims are exempt from the limitation rules, may prejudice the plaintiffs as they could no longer contest such issue upon the reconvening of these proceedings, while deferring such a decision will not result in such prejudice.  Therefore, this Court finds that such a determination is better left to the time, if any, when this Court undertakes the limitation inquiry in this case.[5] As such, this Court must also deny the claimants' motion to stay this action and lift the injunction against the state court proceedings on the basis that the stipulation specifically excludes from this Court's jurisdiction regarding limitation of liability any state court judgment stemming from the claimant's maintenance and cure claim.

_____

[5]This situation is similar to that of the district court in <u>Norfolk Dredging Co.</u>, wherein it deferred a decision relating to the vessel owner's right to limit its liability.  439 F.3d at 210. The Fourth Circuit found that this action did not prejudice plaintiff's limitation rights.  <u>Id.</u>

E.   <u>Stipulation of continuing jurisdiction</u>

The plaintiffs lastly argue that the claimants' stipulations are inadequate as they do not include a stipulation agreeing to the district court's retention of jurisdiction until the claimants' state court proceeding is completed.  The plaintiffs state that in both <u>Lewis</u> and <u>Norfolk Dredging Co.</u>, the claimants agreed to such a stipulation.  The claimants respond by stating that they agree with this Court retaining jurisdiction.  Given the wording of their proposed order (ECF No. 11 Ex. 1), the claimants stated that they assumed that this Court would retain jurisdiction over the action. Further, they state that if this Court finds the wording of the proposed order insufficient in this respect, the claimants would be willing to submit an amended proposed order and amended stipulations stating that this Court will retain continuing jurisdiction while this case is stayed pending the outcome of the state court action.

In <u>Norfolk Dredging Co.</u>, the claimant agreed that the district court would retain jurisdiction until the claimant's state court claims were determined.  439 F.3d at 211.  The Fourth Circuit found that based on this stipulation if the claimant's "stipulations provide inadequate protection in some unforeseen way, the district court has continuing jurisdiction to correct any deficiencies." <u>Id.</u> (citing <u>Lewis</u>, 531 U.S. at 453-54).  This Court agrees that such a stipulation would assist in ensuring that the plaintiffs'

25

limitation rights are adequately protected.  Further, the claimants do not object to including such a stipulation in possible future amended stipulations.  Therefore, this Court directs the claimants to include such a stipulation indicating their agreement with this Court's retention of jurisdiction if the claimants choose to file amended stipulations.

### III.  Conclusion

For the reasons stated above, the claimants' motion to stay this action and lift the injunction on their state court proceedings (ECF No. 11) is DENIED WITHOUT PREJUDICE to refiling with stipulations drafted in accordance with this Court's findings. Should the claimants choose to file such amended stipulations, the same must be filed on or before **April 12, 2013**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 27, 2013


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE