```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

COMPLAINT OF:

CAMPBELL TRANSPORTATION COMPANY, INC.    Civil Action No. 5:12CV68
and C&C MARINE MAINTENANCE COMPANY,                          (STAMP)

For Exoneration of Limitation Liability

**MEMORANDUM OPINION AND ORDER**
**GRANTING CLAIMANTS' AMENDED MOTION TO STAY THIS ACTION**
**AND LIFT INJUNCTION AGAINST STATE COURT PROCEEDING**

### I. Background

On March 27, 2013, this Court entered a memorandum opinion and order denying the claimants' motion to stay this action and lift the injunction against the state court proceedings without prejudice to refiling the motion with stipulations drafted in accordance with this Court's findings.[1] In the opinion denying the claimants' motion, this Court made the following four specific findings as to the claimants' motion and stipulations: (1) the claimants' stipulation that the claims of claimant Harry White, Jr. ("White") will have irrevocable priority over the claims for damages of claimant Roxanne Y. Murphy ("Murphy") transforms this case into the functional equivalent of a single claimant case, protecting the vessel owner while allowing the claimants to pursue their state court action; (2) the claimants are not required to agree to limit damages to the value of the vessel and its attending freight, nor are they required to stipulate to the precise amount

---

[1] For a detailed explanation of the background and a more detailed explanation of this Court's prior findings, see ECF No. 16.

of the limitation, or rather the precise amount of the plaintiffs' interest in the vessel and freight; (3) the claimants' clarification in Stipulation No. 3 limiting claimants' waiver of their res judicata rights was improper, but this finding did not require a stipulation waiving their res judicata rights with respect to exoneration, only a waiver of their rights concerning limitation of liability; and (4) it was improper to determine whether the claimant White's maintenance and cure claim was subject to the Vessel Owners' Limitation of Liability Act, 46 U.S.C. § 30501, et. seq. ("Limitation Act"). Further, based on the claimants' agreement, this Court directed the claimants to include a stipulation indicating their agreement with this Court's retention of jurisdiction if the claimants did choose to file amended stipulations.

Thereafter, the claimants filed an amended motion to stay this action and lift the injunction against the prosecution of their state court suit together with amended stipulations. The amended motion and stipulations were both drafted in accordance with this Court's prior opinion. The amended stipulations read as follows:

> 1. Claimants stipulate and agree that Campbell Transportation Company, Inc. ("CTC") and C&C Marine Maintenance Company ("C&C"), collectively "Plaintiffs," are entitled to litigate all issues relating to limitation of liability pursuant to the provisions of the Vessel Owners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* ("the Act") in this Court.
>
> 2. Claimants waive any claim of res judicata relevant to the issue of limitation of liability pursuant to the provisions of the Act based on any jury or non-jury trial decision or judgment they may obtain in state court.

3. Claimants neither stipulate nor agree that Plaintiffs are entitled to litigate the issue of <u>exoneration</u> from liability in this Court, as they are not required to under this Court's March 27, 2013, Memorandum Opinion and Order (CM/ECF Doc. No. 16), and applicable law.

4. While not stipulating or agreeing that the value of the limitation fund in this action is, as alleged by Plaintiffs, not in excess of $1,420,000.00 (one million four hundred twenty thousand dollars and no cents), and specifically reserving their right to file at a later time a motion under Rule F(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions seeking an appraisement of the value of Plaintiffs' interest, if any, in the M/V GEORGETOWN and its pending freight, together with the value of and pending freight on any other vessels which this Court may find, under the Flotilla Doctrine, should be included in the limitation fund, Claimants stipulate and agree that in the event there is a judgment or recovery on any jury or non-jury trial decision or judgment in state court in excess of $1,420,000.00 against Plaintiffs, Claimants will not seek to enforce such excess judgment or recovery to the extent same may expose Plaintiffs to liability in excess of the sum of $1,420,000.00 until adjudication of Plaintiffs' right to limitation of liability pursuant to the provisions of the Act in this Court.

5. Claimants expressly reserve for later determination by this Court, if necessary, the issue of whether Plaintiffs are entitled to the protections of the Act in this Court as to Claimant White's general maritime law maintenance and cure claim.

6. Claimants stipulate and agree that this Court has the exclusive right under the Act to determine the proper value of the limitation fund, under the procedures outlined in Rule F(7).

7. Claimants stipulate and agree that White's claims for damages will have irrevocable priority over Murphy's claims for damages.

8. Claimants stipulate and agree this Court will retain continuing jurisdiction while this case is stayed pending the completion of the state court suit Claimants have filed against Plaintiffs in the Circuit Court of Hancock County, West Virginia, and any appeal(s) which may lie therefrom.

ECF No. 18 (emphasis in original).

The plaintiffs, however, responded in opposition to the amended motion and stipulations, arguing that the amended stipulations and proposed order attempt to carve out exceptions to this Court's jurisdiction and the plaintiffs' right to seek limitation. This Court will address each of the plaintiffs' arguments below. However, it notes that all but one of plaintiffs' arguments in opposition to the amended motion and stipulations were previously addressed in detail in this Court's prior opinion. See ECF No. 16.

## II.  Discussion

Under Article III, § 2 of the United States Constitution, the federal courts are vested with jurisdiction over all admiralty and maritime jurisdiction cases. Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 443 (2001). This grant of jurisdiction is now codified in 28 U.S.C. § 1333, with a limitation "so as to save seamen their remedies." Norfolk Dredging Co. v. Wiley, 439 F.3d 205, 208 (4th Cir. 2006). The statute specifically states:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

28 U.S.C. § 1331 (emphasis added). This "saving to suitors" clause "preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." Lewis, 531 U.S. at 445.

The saving to suitors clause, however, as recognized by the Supreme Court, may occasionally come in conflict with the Limitation Act. The Limitation Act is a provision of admiralty and maritime law that "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." Id. at 446; see 46 U.S.C. § 30505. Supplemental Admiralty and Maritime Claims Rule F sets forth the procedure for a limitation of liability action. The Supreme Court briefly explained the procedure as follows:

> The district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.

Id. at 448.

The tension between the saving to suitors clause and the Limitation Act results because "[o]ne statute gives suitors the right to a choice of remedies, and the other statute gives the owners the right to seek limitation of liability in federal court." Id. The Supreme Court addressed this issue in Lewis. In Lewis, the claimant sued the vessel owner in state court for negligence under the Jones Act,[2] unseaworthiness of the ship, and maintenance

---

[2] "A Jones Act claim is an in personam action for a seaman who suffers injury in the course of employment due to negligence of his employer, the vessel owner, or crew members." Lewis, 531 U.S. at

and cure. The vessel owner then filed a complaint in federal court to limit the vessel owner's liability. After the claimant provided certain stipulations to protect the plaintiff's limitation rights, the district court dissolved the injunction placed on the claimant's state court action. In regards to the district court's decision, the Supreme Court stated that "case law makes clear that state courts, with all their remedies, may adjudicate claims like petitioner's against vessel owners <u>so long as the vessel owner's right to seek limitation of liability is protected</u>." <u>Id.</u> at 455 (emphasis added). The Supreme Court further found that, because the stipulations offered had adequately protected the vessel owner's limitation of liability rights, it was "well within" its discretion to lift the injunction against the state court proceedings. <u>Id.</u> at 454.

A. <u>Discretion to lift injunction</u>

The plaintiffs first object to the stipulations, stating that this Court is not required to lift the injunction, as such a decision is within this Court's discretion. This Court previously recognized the fact that it was within this Court's discretion to lift the injunction. <u>See</u> ECF No. 3 n.2; <u>see also</u> <u>Lewis</u>, 531 U.S. at 449. There is nothing in the claimants' motion or stipulations that abrogates this discretion. If this is meant as an argument by the plaintiffs as to why the claimants' motion should not be granted, this Court finds that it is without merit. The claimants'

---

441; <u>see</u> 46 U.S.C. § 30104.

amended stipulations are in accordance with the Court's prior opinion and order and the plaintiffs have not provided this Court with any new reason as to why, in its discretion, this Court should deny the claimants' motion.

B.   Multiple claimants

The plaintiffs' second argument is that the claimants should not be permitted to proceed with their state court claims when the limitation fund is alleged to be inadequate because there are multiple claimants in this action.  This Court previously found that based on the claimants' priority stipulation claimant White's claims "will have irrevocable priority over [claimant] Murphy's claims for damages," which effectively transforms this case into the functional equivalent of a single claimant case and adequately protects the plaintiffs' limitation of liability rights.  See ECF No. 16 *12.  This Court's decision was based on the case law from other circuits and other district courts within the United States Court of Appeals for the Fourth Circuit.  See Texaco, Inc. v. Williams, 47 F.3d 765, 767-768 (5th Cir. 1995); Beiswenger Enters. Corp. v. Carleeta, 86 F.3d 1032 (11th Cir. 1996); Complaint of Dammers & Vanderhide & Scheepvaart Maats Christina B.V., 836 F.2d 750, 756 (2d Cir. 1988); S & E Shipping Corp. v. Chesapeake & O. Ry. Co., 678 F.2d 636, 644 (6th Cir. 1982); In re Illinois Marine Towing, Inc., 498 F.3d 645, 651 (7th Cir. 2007); In re Ingram Barge Co., 419 F. Supp. 2d 885, 888-891 (S.D. W. Va. 2006); Complaint of Mohawk Associates and Furlough, Inc., 897 F. Supp. 906, 911-912 (D.

Md. 1995). The plaintiffs have not provided any further support for their argument other than merely referencing their prior response to the claimants' original motion to lift the stay, which this Court previously addressed in its prior opinion. Thus, this Court finds this argument to be without merit and continues to find that claimants' priority stipulation adequately protects the plaintiffs' limitation of liability rights.

C.   Limitation on recovery

The plaintiffs' third argument in opposition to the claimants' amended motion and stipulations argues that the claimants should not be permitted to proceed in state court unless they agree to limit their recovery to the value of the vessel and its attending freight. This Court again notes that this argument was previously addressed in its prior opinion. See ECF No. 16 *12-16. In its prior opinion, this Court stated that based on the binding precedent of Norfolk Dredging Co. v. Wiley, 439 F.3d 205, 208 (4th Cir. 2006), and this Court's reading of Ex parte Green, 286 U.S. 437 (1932), the claimants were not required to agree to limit their damages to the value of the vessel and its attending freight in order to proceed in state court. Id. at *16. The plaintiffs have not provided any further support for their argument, other than merely restating it and referring this Court to their response to the plaintiffs' initial motion to stay. Thus, this Court finds this argument to be without merit as it was previously addressed and decided. As such, this Court continues to find that claimants

need not stipulate to limit their recovery to the value of the vessel and its attending freight.

D.  Exoneration stipulation

The plaintiffs lastly argue that the claimants' refusal to stipulate that the plaintiffs are entitled to litigate the issue of exoneration from liability in this Court fails to adequately protect the plaintiffs' right to seek limitation of liability. The claimants' original stipulation regarding the issues that the claimants agreed that the plaintiffs could litigate in this Court read as follows:

> [T]his Court . . . shall then proceed to determine only (a) whether Plaintiffs had 'privity to or knowledge of' . . . the acts, events, conditions, omissions, etc. upon which their liability was based in the state court action and, if so, (b) the value of the Plaintiffs' interest in the M/V Georgetown, and its pending freight if any (and any such other vessels and any such vessels' pending freight which this Court may later find pursuant to the provisions of Rule F(7) should be included in the limitation fund) as specified under the Act.

ECF No. 13 *2. This Court found that such clarification of what the plaintiffs are entitled to litigate in this Court was improper and perhaps did not adequately protect the plaintiffs' rights under the Limitation Act. See ECF No. 16 *20. This Court, however, stated that this finding did not require the claimants to waive their rights with respect to exoneration. See id. at 21. Instead, this Court stated that it was only requiring that the plaintiffs' rights be protected by the complete waiver of the claimants' res judicata rights concerning limitation of liability. Id. Based on

this finding, the claimants replaced the above stipulation with the following amended stipulations:

> 1. Claimants stipulate and agree that Campbell Transportation Company, Inc. ("CTC") and C&C Marine Maintenance Company ("C&C"), collectively "Plaintiffs," are entitled to litigate all issues relating to limitation of liability pursuant to the provisions of the Vessel Owners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* ("the Act") in this Court.
>
> 2. Claimants waive any claim of <u>res judicata</u> relevant to the issue of limitation of liability pursuant to the provisions of the Act based on any jury or non-jury trial decision or judgment they may obtain in state court.
>
> 3. Claimants neither stipulate nor agree that Plaintiffs are entitled to litigate the issue of <u>exoneration</u> from liability in this Court, as they are not required to under this Court's March 27, 2013, Memorandum Opinion and Order (CM/ECF Doc. No. 16), and applicable law.

ECF No. 18 (emphasis in original).

The plaintiffs do not provide any support for their argument concerning the exoneration stipulation, other than a mere statement that because the claimants failed to stipulate that the plaintiffs may litigate the issue of exoneration in this Court, the plaintiffs' rights are not adequately protected. This Court, nonetheless, will address the argument. This Court assumes that the plaintiffs' confusion as to whether the claimants must stipulate that the plaintiffs may litigate the issue of exoneration in this Court arises from the conflict between the Limitation Act and the Federal Rules of Civil Procedure. While this Court is unaware of any Fourth Circuit case explaining this conflict, the

Fifth Circuit in <u>In re Tidewater</u> provides the following explanation and analysis of the issue:

> The Limitation Act itself does not expressly provide the shipowner with a right to exoneration. However, The Federal Rules of Procedure [Rule F] provide that a limitation claimant "may demand exoneration." In <u>Falcon Inland</u>, the court noted that Rule F uses the permissive verb "may" and reasoned that the word "shall" would have been used if the exoneration issue were reserved exclusively to federal courts. <u>In re Falcon Inland, Inc.</u>, 2 F. Supp. 2d 835, 836 (E.D. La. 1998).

249 F.3d 342, 347 (5th Cir. 2001) (some internal citations omitted). Further, as explained by the Fifth Circuit, supplemental rules, like Rule F, "cannot enlarge the substantive rights conferred on shipowners by the Limitation Act." <u>Id.</u> at 347 (citing 28 U.S.C. § 2072(b)). If courts required an exoneration stipulation prior to lifting the stay on a case, courts would be "enlarg[ing] shipowners' rights under the Limitation Act and abridg[ing] claimants' rights under the savings to suitor clause." <u>Id.</u> As a result, the Fifth Circuit found that an exoneration was not required before a stay can be lifted. <u>Id.</u>; see <u>In re Association of Maryland Pilots</u>, 596 F. Supp. 2d 915, 920-21 (D. Md. 2009) (applying the Fifth Circuit's analysis in <u>In re Tidewater</u> and finding a stipulation to exoneration of liability is not required). This Court agrees with the Fifth Circuit's explanation and analysis of the issue. Thus, again this Court finds that the claimants need not stipulate to the plaintiffs' right to litigate the exoneration issue in this Court. The claimants' stipulation to the plaintiffs' right to litigate all issues related to the limitation of

11

liability, along with the claimants' other stipulations, is sufficient for this Court to lift the injunction on the state court action and grant the motion to stay this action.

### III. Conclusion

For the reasons stated above, the claimants' motion to stay this action and lift the injunction on the state court proceedings (ECF No. 17) is hereby GRANTED. Accordingly, this action is hereby STAYED. Further, the parties are DIRECTED to file the appropriate motion with this Court, seeking either recommencement of proceedings under the Limitation Act in this Court or dismissal of this action within 30 days of the conclusion or appeal from the state proceedings, whichever is later.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:     August 20, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE